UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAPONTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-2808 CSK P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

Plaintiff names as defendants California Governor Gavin Newsom, California Attorney General Rob Bonta, Jennifer Shaffer, Executive Officer, Board of Parole Hearings, and K.R. Zuetel, author, Senate Bill 42, Determinate Sentencing Law.

Plaintiff alleges that the defendants, while acting in their official capacities enforced administrative and statutory law that no longer exists, allowed a parole agency that was also eliminated when California Penal Code § 1168 (Indeterminate Sentencing Law or "ISL") since September 1, 1976, was eliminated (and so was the parole agency and the Community Release Board ("CRB")).  Plaintiff avers that when the Governor signed into law the Determinate Sentencing Law ("DSL"), it not only eliminated the ISL, but also eliminated the parole agency, and nowhere in the DSL was the parole agency, Board of Prison Terms, or the current Board of Parole Hearings given power to grant parole to prisoners sentenced under the DSL who were given ISL terms under California Penal Code § 1170.  Plaintiff contends this makes the application unconstitutional.

As relief, plaintiff requests class certification for all prisoners named and not named; elimination of the DSL as it pertains to prisoners being forced to appear before a parole agency which lacks subject matter jurisdiction to release them on parole, "or to hold unconstitutional hearings to determine suitability for the entire class as these hearings amount to fraud since the agency has no power to grant parole to ISL prisoner's pursuant to [California Penal Code] § 1170 after July 1, 1977."  (ECF No. 1 at 3.)

Discussion

Initially, the Court observes that this lawsuit is brought by plaintiff as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel.  It is well established that a

3

layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779, 780 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

In his complaint, plaintiff fails to provide sufficient facts to determine whether plaintiff can state a cognizable constitutional claim. He fails to demonstrate how the DSL, as applied to plaintiff, is unconstitutional. Indeed, constitutional challenges to the application of the California DSL to parole proceedings under the ex post facto clause are foreclosed by Connor v. Estelle, 981 F.2d 1032, 1033-34 (9th Cir. 1992), as amended (Dec. 31, 1992). In Connor, the Ninth Circuit found that a defendant sentenced under California's ISL was not disadvantaged for ex post facto law purposes by application of the DSL to determine suitability for parole. Id. "[T]he DSL guidelines require consideration of the same criteria as did the ISL." Id.

Plaintiff provided no information concerning his conviction. (ECF No. 7.) Court records reflect that on March 21, 1990, in the Los Angeles County Superior Court, plaintiff entered a plea of guilty to kidnapping for ransom, false imprisonment by violence, assault with a firearm, and second degree robbery, and admitted to sentencing enhancement allegations that he used a firearm in the commission of those four crimes.[1] Laponte v. Haviland, No. CIV S-09-0570 MCE DAD (E.D. Cal. December 13, 2010) (ECF No. 28 at 1-2). Plaintiff was sentenced to life in prison with the possibility of parole, plus a two-year term, the execution of which was stayed, and five-year and two-year terms of imprisonment to be served concurrently. Id. In plaintiff's prior habeas petition, he challenged the 2007 denial of release on parole by the California Board of

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

Parole Hearings.  Id.  Since then, records from the California Department of Corrections and Rehabilitation ("CDCR") show the following:[2]

- On October 21, 2019, plaintiff's parole suitability hearing was postponed.
- On April 10, 2020, plaintiff was denied parole for three years.
- On March 29, 2023, plaintiff was denied parole for three years.
- On March 6, 2024, administrative review to advance plaintiff's next parole suitability hearing date was denied.
- A tentative date for plaintiff's next parole suitability hearing is to be set in March 2026.

"The DSL adopted a two-stage approach to parole decisions.  First, a prisoner must be found suitable for parole under the DSL guidelines.  Once this occurs, a date is set for his release."  Connor, 981 F.2d at 1033.  "[T]he California Supreme Court has held that a prisoner sentenced under the ISL is entitled to have his release date calculated under either the ISL or DSL procedures, whichever is more beneficial."  Id. at 1034 (citing In re Stanworth, 33 Cal.3d 176 (1982)).  The above records confirm that plaintiff is being provided parole suitability hearings.

Further, plaintiff's claim that the DSL eliminated the Community Release Board is incorrect.  The Adult Authority was eliminated by the DSL, but in 1976, California Penal Code § 5075 was amended to address the staffing of the Community Release Board, the successor parole agency.  Cal. Penal Code § 5075.  In 1979, the "Board of Prison Terms" was substituted for "Community Release Board."  Id.  On July 16, 2021, the Board of Prison Terms was abolished, and the Board of Parole Hearings was established.  Id.  The duties of the Board of Parole Hearings ("Board") are set forth in California Penal Code § 5075.1, and do not distinguish inmates sentenced under the ISL from those sentenced under the DSL.  Id.  Rather, the Board conducts "parole consideration hearings . . . "for adults under the jurisdiction of the department."

---

[2] This information was obtained from the CDCR Inmate Locator website, <https://ciris.mt.cdcr.ca.gov/> (accessed Oct. 17, 2024).  The Court may take judicial notice of public records available on online inmate locators.  See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

Id. Thus, plaintiff's parole consideration hearings are conducted by the Board as authorized by California law. If the Board finds the inmate is suitable for parole and recommends parole, the case is sent to the Governor for review. Pursuant to California Penal Code § 3041.1, the Governor has statutory authority to review parole suitability decisions.

For the above reasons, plaintiff's complaint must be dismissed. It is not clear plaintiff can amend to state a cognizable civil rights claim. However, in an abundance of caution, plaintiff is granted leave to file an amended complaint.

Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

Requests for Joinder

Multiple inmates have filed requests to join plaintiff's putative class action. However, because plaintiff proceeds pro se and is unable to pursue a class action on behalf of other inmates, these requests are denied. Each inmate must file his own separate civil rights complaint. Thus, these nonparty inmates are not granted leave to file an amended complaint in this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Nonparty inmates' requests to join this action (ECF Nos. 9, 10, 15, 16, 17, 18 and 19) are denied.

6. The Clerk of the Court is directed to send a copy of this order (pages 1 through 8) to the nonparty inmates who filed requests to join this action:

- Tremain Lawrence Barker, No. K61525, Correctional Training Facility, P.O. Box 689, Soledad, CA  93960 (ECF Nos. 9 & 10);

- Bernard Jackmon, No. D74300, Correctional Training Facility, P.O. Box 689, Soledad, CA  93960 (ECF No. 15);
- Robert D. McClure, No. P72185, Correctional Training Facility, P.O. Box 689, Soledad, CA  93960 (ECF Nos. 16 & 17);
- Kenneth Talbott, No. AW3791, Correctional Training Facility, P.O. Box 689, Soledad, CA  93960 (ECF No. 18); and
- James L. Landrum, Sr., AH4855, Correctional Training Facility, P.O. Box 689, Soledad, CA  93960 (ECF No. 19).

Dated:  October 21, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lapo2808.scr

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAPONTE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-2808 CSK P<br><br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐　Amended Complaint
(Check this box if submitting an Amended Complaint)

DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff

1